NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ERNEST SMITH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action 6:10-CV-135-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KAREN HOGSTEN, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

**** **** **** ****

Earnest Smith is currently in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated at the Federal Correctional Institution, in Manchester, Kentucky. He has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Petition is now before the court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).[1] For the reasons set forth below, this cause of action will be dismissed.

**I.**

Petitioner alleges that the BOP has been awarding good conduct time ("GCT") at a maximum rate of forty-seven days per year rather than a fifty-four-day maximum of GCT yearly, the amount to which federal prisoners, including himself, are entitled under the controlling statute, 18 U.S.C. Section 3624(b). He has exhausted the BOP's administrative remedies about this issue and now asks this Court to direct that his GCT be adjusted to the proper fifty-four-day

---

[1] During screening, the allegations in a *pro se* petition are taken as true and liberally construed in the *pro se* petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

rate annually.

**II.**

Smith is not entitled to the relief which he seeks for the same reasons explained in the administrative process. The governing statute, under which the BOP awards credit for good conduct, provides as follows:

> . . .
> **(b) Credit toward service of sentence for satisfactory behavior.** - -
> . . .[A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to a determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . .

18 U.S.C. § 3624(b)(1).

To the Petitioner, "term of imprisonment" in the statute apparently means "the sentence imposed" by the sentencing court; therefore, he is purportedly entitled to the length of his sentence in years, multiplied by the fifty-four days in the statute. However, under the BOP's interpretation, a prisoner's award is less, because an inmate will not actually serve his full sentence in any year if he earns GCT for that year.

The BOP has promulgated 28 C.F.R. § 523.20, to reflect its interpretation as time actually served. The regulation provides that for a § 3624(b) award of GCT:

> an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year.

28 C.F.R. § 523.20. Further, Program Statement (P.S.) 5880.28 is the BOP's Sentence

Computation Manual, containing this same method for computing GCT based on the time served.

Petitioners' arguments challenging the BOP's computation of GCT awards have been consistently rejected by federal courts across the nation. *See Perez-Olivo v. Chavez,* 394 F.3d 45 (1st Cir. 2005) (noting that "the Sixth Circuit has also upheld the BOP's method of calculation in two unpublished opinions"); *White v. Scibana*, 390 F.3d 997 (7th Cir. 2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1271 (9th Cir. 2001); *see also Sash v. Zenk*, 344 F. Supp. 2d 376 (E.D.N.Y 2004); *Graves v. Bledsoe*, 334 F. Supp. 2d 906, 908 (W.D. Va. 2004). The federal courts have found that the Bureau of Prisons' interpretation of the statute is "reasonable."

The district courts in the Sixth Circuit have used the same rationale to deny habeas relief on this same claim for the same reason and the results have been affirmed by the appellate court. *Petty v. Stine*, 424 F.3d 509, 510 (6th Cir. 2005) (affirming *Petty v. Stine*, E.D.Ky. No. 6:05-CV-063-DCR, and citing cases), *cert. denied*, 547 U.S. 1194 (2006); *see also Williams v. Lamanna*, 20 F. App'x 360 (6th Cir. 2001) (affirming an Ohio District Court).

A few weeks after the filing of the instant case, the Supreme Court of the United States weighed in and decided this matter for its lower courts. In *Barber v. Thomas*, ____ S.Ct. ____, 2010 WL 2243706 (June 7, 2010), the Supreme Court ruled that the BOP's method of calculating good time credits under Section 3624(b)(1) is lawful and the rule of lenity does not apply to the statute. *Barber* is therefore dispositive of the issue here. Because the Supreme Court has ruled against this Petitioner's same exact claim, this Court will deny his Petition and dismiss this action. Further, the Court will certify that an appeal of this decision would not be taken in good faith.

**III.**

Accordingly, the court being advised, **IT IS ORDERED** as follows:

(1)  Ernest Smith's Petition for Writ of Habeas Corpus is **DENIED**; and

(2)  this action will be **DISMISSED** from the docket of the court, and judgment shall be entered contemporaneously with this memorandum opinion and order in favor of the Respondent.

This the 28th day of June, 2010.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge